(96 South. 503)

No. 25305.

## McILHENNY v. WARD.

(Feb. 26, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

Corporations ⟨⟩121(1)—Purchaser of stock making repeated demands therefor not estopped to sue and entitled to judgment for seller's breach.

Where one contracting to buy stock and to manage the corporation for salary equal to interest on the purchase money notes during the eight years of his management made repeated demands for the stock and offers to execute the notes, he was not estopped to sue for the seller's breach of contract, but entitled to judgment therefor.

Appeal from Nineteenth Judicial District Court, Parish of Iberia; James Simon, Judge.

Action by E. A. McIlhenny against Charles W. Ward. From a judgment for plaintiff, defendant appeals. Affirmed.

Dart, Kernan & Dart, of New Orleans, and Porteous R. Burke, of New Iberia, for appellant.

John Dymond, Jr., and A. Giffen Levy, both of New Orleans, and Weeks & Weeks, of New Iberia (R. J. Weinmann, of New Orleans, of counsel), for appellee.

ROGERS, J. This is an appeal by the defendant from a judgment in favor of the plaintiff in an action for damages for breach of contract. As defendant was a nonresident, jurisdiction was obtained by attachment and garnishment process, with service upon a curator ad hoc. The proceeding was converted from an action in rem to an action in personam by the appearance of the defendant, through his attorney, to defend the suit. Defendant died before the suit was tried, and his executors by motion made themselves parties defendant.

It is alleged in plaintiff's petition that in 1910 plaintiff and defendant entered into a contract, wherein defendant agreed to sell to plaintiff a one-quarter interest in $89,885.32 of the capital stock of the Vermilion Bay Company, at par, and to accept in payment therefor the notes of plaintiff in favor of defendant, said notes to be payable in five equal annual installments, beginning October 7, 1916, with 6 per cent. per annum interest from date until paid. Plaintiff, on his part, agreed to manage the affairs of the Vermilion Bay Company, for which service he was to receive as salary for each year an amount equal to the interest on his said notes outstanding.

It is alleged that defendant refused to carry out his agreement; refused to receive the notes of plaintiff; sold his stock to other persons, thereby putting it out of his power to comply with his contract; permitted plaintiff to manage the affairs of the Vermilion Bay Company; and refused to pay for said services.

It is alleged that by defendant's breach of the contract plaintiff was damaged to the extent of the value of his services as manager of the affairs of the Vermilion Bay Company from the date of the contract, December, 1910, to December, 1918, according to the estimate placed thereon in the contract itself; namely, the annual interest charge at 6 per cent. per annum on the amount of his notes which he had agreed to give and which defendant had refused to accept, $1,348.28, aggregating $10,786.24.

Defendant filed exceptions of inconsistent causes of action, with a prayer that plaintiff should be ordered to elect whether he intended to proceed under the contract or to sue for services rendered the Vermilion Bay Company, and that the petition failed to set forth a cause of action. These exceptions, after hearing, were overruled. He also filed a peremptory exception of estoppel on the ground that the contract had been abandoned and canceled, and that the plaintiff had led

the defendant to believe that he did not desire to carry it out, and that defendant had relied upon the representations and conduct of the plaintiff, and that plaintiff cannot after a delay of nine years attempt to enforce the contract or hold defendant responsible for failure to perform it. This exception was referred to the merits.

Defendant, in his answer, admits the contract, but denies any breach thereof by him; denies that the contract was completed; denies that plaintiff performed any services for him; and avers that plaintiff himself refused and failed to perform, and therefore breached the contract. In the alternative defendant prays for the enforcement of the contract.

As counsel for appellant have not urged, either in oral argument or in brief, the exceptions of inconsistent causes of action, and no cause of action, we assume that they have acquiesced in the rulings of the trial judge thereon as being correct. The exception of estoppel is necessarily involved in the consideration of the merits.

Defendant died before the trial, and the defense was therefore deprived of his testimony. The only evidence offered on behalf of defendant were a few letters that were exchanged between plaintiff and defendant concerning the contract in question. By means of these letters, and through cross-examination of plaintiff and his witnesses, counsel for defendant endeavored to make out his case.

In his very clear and convincing reasons for judgment which are filed in the record, the trial judge, in commenting upon the facts, states as follows:

"The evidence shows that plaintiff used all means and measures in his power to have Ward carry out the contract for the transfer of the stock as agreed therein, and, at the same time, offering to deliver his notes; but Ward refused, thereby placing him defendant in default. This is shown by the several letters in the record. These demands were repeated several times and were met by a similar refusal on the part of Ward. Finally Ward put it beyond his power to comply with the contract by not turning over to plaintiff the $22,000 stock, having later on disposed of his entire stock in the Vermilion Bay Company. In the meantime plaintiff fulfilled and performed his part of the contract by giving his services as manager of the Vermilion Bay Company, for which he was to receive the equivalent of the interest on the notes he would have given for the stock in said company, which was $1,348.28 per annum, aggregating for the time he performed the services, from December, 1910, to December, 1918, the sum of $10,786.24, which he is entitled to recover for said services from the estate of Ward and his executors as damages for breach of the contract on the part of Ward.

"It was argued by defendant's counsel that plaintiff admitted in his letter that the contract had not been completed, but I don't view it in that light. The contract itself was a complete one. These letters, relied on to sustain this point, were letters calling upon Ward to carry out the contract on his part, and in a sense stated the incompleteness of the contract, because not carried out and performed by Ward in refusing to transfer the stock to plaintiff and receiving his notes therefor, as contemplated by the contract. These statements made in these letters by plaintiff were true, because he really and in fact had no interest in the land or in the stock; but this condition was brought about by Ward by refusing to comply with that part of the contract. Plaintiff at no time admitted that the contract was not enforceable otherwise, or that he personally had no interest therein, or that it was incomplete so far as his rights were concerned, as he urged and complained all along, both verbally and by letters, for its completion on the part of Ward, but in vain. As a further proof that he did not convey the meaning that the contract was incomplete, as concerned himself and his interest therein, and only mentioned its incompleteness so far only as Ward refused and failed to transfer the stock, is shown by the fact that he performed and continued to perform the services required of him for the consideration stipulated therein. In that amount he was damaged by the contract being breached by Ward. The services and work performed by plaintiff under and in compliance with his part of the contract are not only proven by plaintiff himself, but by other witnesses, and that they were fully worth the salary fixed in the contract.

"I must take the evidence as I find it in the record to decide this case. I have no reason to

say the facts are otherwise, when it is not shown to be so. Nor can I inject presumptions in the face of naked facts which are all in favor of the plaintiff, with no evidence offered by defendants, except a few letters that were offered to bear out and support their defense and contentions."

From our examination of the record we find the foregoing to be correct. The facts as found disposed of the plea of estoppel adversely to defendant's contention, and entitle plaintiff to judgment.

Judgment affirmed.